**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 10, 2021[*]
Decided June 14, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-3143

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 94 CR 339-11 |
| LINDA HARDISON, *Defendant-Appellant*. | Robert W. Gettleman, *Judge*. |

**O R D E R**

Linda Hardison petitioned for a writ of *coram nobis* and asked the court to nullify her decades-old drug conviction on the ground that evidence discovered after trial proved her innocence. The district court denied the motion because it had considered and rejected the same argument years ago when Hardison presented it in a habeas

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

petition. Because Hardison has not shown a fundamental error in her convictions, and because *coram nobis* is not a vehicle to relitigate unsuccessful claims, we affirm.

Linda Hardison was convicted in 1994 of (1) possession of cocaine with the intent to distribute and (2) conspiracy to distribute cocaine. 21 U.S.C. §§ 841(a)(1), 846. She had worked as a bookkeeper for the so-called Shabazz Meat Company, which was a front for a drug ring. While preparing to try the conspiracy charge (for the second time, after the court declared a mistrial on that count alone), prosecutors learned of a taped conversation between two codefendants in which one hinted that he planned to testify falsely. Neither of these codefendants testified at Hardison's conspiracy trial, but she was convicted based on other evidence: for instance, two stashes of cocaine were found in her home, and she had knowledge of the company's financial records because she had served as its bookkeeper. The court sentenced Hardison to 188 months in prison, and we affirmed the convictions on direct appeal. See *United States v. Smith*, 107 F.3d 13 (7th Cir. 1997).

In 2000, while in prison, Hardison petitioned unsuccessfully for relief under 28 U.S.C. § 2255. She presented evidence including the recorded conversation between her codefendants; post-trial affidavits by one of those codefendants who questioned his recollection of the conspiracy; and additional affidavits by another codefendant who recanted part of his testimony against her. In her view, this evidence proved that she had been framed and the government had suborned perjury at her trials. She also brought time-barred and procedurally defaulted constitutional claims (alleging both ineffective assistance of counsel and a violation of *Brady v. Maryland*, 373 U.S. 83 (1963)), and argued that the court could review them under the actual-innocence standard the Supreme Court set forth in *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995).

The district court denied the motion. Because the government had presented ample evidence to convict Hardison without relying on the challenged testimony, it found that she had not demonstrated actual innocence. Also, the court saw nothing to indicate that the government was aware of any false testimony. Although the defaulted claims remained unreviewable, the court noted that they too lacked merit.

After her release from custody, Hardison petitioned the court in 2020 for a writ of *coram nobis*, see 28 U.S.C. § 1651, which provides the same type of relief as § 2255 but is available only when the defendant no longer is in custody. *United States v. Delhorno*, 915 F.3d 449, 452 (7th Cir. 2019). Her petition focused on the same evidence presented in

her § 2255 motion and relied on the same arguments: she again maintained her innocence and insisted that the government suborned perjury.

The district court denied the petition for three reasons. First, a writ of *coram nobis* may issue only when an error of fundamental character invalidates the conviction, and Hardison had shown no fundamental error because—as the court determined 19 years earlier when it denied her § 2255 motion—her proffered evidence did not establish her innocence. Second, Hardison was attempting to relitigate issues already resolved against her. Third, *coram nobis* may not provide relief beyond what the defendant could have obtained while in custody, and under § 2255(h) Hardison could not have brought her claims in a successive habeas petition.

On appeal, Hardison challenges only the first of the district court's reasons for denying her petition. She argues that the court inappropriately considered each piece of evidence in isolation and ignored their collective weight when concluding that she had not demonstrated her innocence. She maintains that the documents she provided—the transcript of her codefendants' recorded conversation and the affidavits from witnesses who later recanted—undermine the factual basis for her conviction when considered collectively, even if none does so alone.

The district court reasonably determined based on the totality of the relevant evidence that Hardison had not shown her innocence of the drug crimes. At most, Hardison's post-conviction evidence called into question the veracity of three of her codefendants' testimony. But as the district court explained, we had no trouble upholding the jury's conviction based on evidence apart from that testimony, such as the cocaine stashed in her home and her familiarity with the Shabazz Meat Company's financial records. See *Smith*, 107 F.3d at *11.

In any event, Hardison does not address the court's two other grounds for denying relief. As the court explained, Hardison may not use a *coram nobis* petition to relitigate issues already resolved against her in § 2255 proceedings on a full record after an opportunity to be heard. See *United States v. Keane*, 852 F.2d 199, 206 (7th Cir. 1988). Even if she could, the writ could provide only the relief that she could have obtained while in custody, and the restrictions of § 2255(h) on successive § 2255 motions would bar relief were she still in prison. See *Keane*, 852 F.2d at 204.

For these reasons, and because Hardison's other arguments are meritless, we AFFIRM the judgment.